UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL, TONNIE
NEALY and CURTIS DALE, JR,

    Petitioners,

v.                                              Case No.: 2:24-cv-1069-SPC-KCD

SHEVAUN HARRIS, RAVEN
REID and MELANIE MERCADO,

    Respondents.
_____/

## OPINION AND ORDER

    Before the Court is Plaintiffs Wendall Hall, Tonnie Nealy, and Curtis Dale, Jr.'s Civil Rights Complaint (Doc. 1). The plaintiffs are involuntarily committed residents of the Florida Civil Commitment Center (FCCC), and they are litigating this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis*. United States Magistrate Judge Kyle Dudek granted the plaintiffs leave to proceed *in forma pauperis*, to the Court must review the complaint to determine whether it is frivolous or malicious, fails to state a claim, or seeks monetary damages from anyone immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

    Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass,* 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not

plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

The plaintiffs are representing themselves in this action. Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007). Nor must a court ignore a plaintiff's litigation history.

Defendant Shevaun Harris is the secretary of Florida's Department of Children and Families (DCF), and Raven Reid is the director of the DCF's sexually violent predator program. Melanie Mercado is a psychology post-doctoral resident at the FCCC. The plaintiffs assert three counts against the defendants: (1) Harris and Reid violated the plaintiff's due process rights by

allowing the FCCC to punish them with excessive periods of seclusion and confinement; (2) Harris and Reid violated the plaintiff's due process rights by allowing the FCCC to employ unqualified experts—like Mercado—who provide the state commitment courts written reports in annual reviews to determine whether they should be released; and (3) Harris and Reid discriminate against Black men—including the plaintiffs—when deciding whether to pursue civil commitment proceedings.  The Court finds the second and third counts fail to state plausible claims.

**A. Count 2**

In this count, the plaintiffs allege Harris and Reid allow the FCCC to employ unqualified psychologists—like Mercado—to provide state commitment courts written reports in annual reviews to determine whether FCCC residents should be released.  While framed as a due process claim under the Fourteenth Amendment, this count is really an attack on the admissibility of evidence used in certain state judicial proceedings.

Florida law requires an annual review of the mental condition of each person committed as a sexually violent predator.  *See* Fla. Stat. § 394.918.  The review begins with an examination of the committee by a qualified professional, who writes a report to the commitment court.  It is the DCF's duty to provide the initial examination.  *White v. Fla. Dept. of Children and Families*, 981 So. 2d 1233, 1235 (1st Dist. Ct. App. Fla. 2008).  If the court finds

3

probable cause to believe it would be safe to release the detainee, the court conducts a trial. The detainee has a right to present evidence at the probable cause hearing and the trial.

Given the plaintiffs' continued commitment, the Court can safely infer they have not prevailed on any annual review trials. If the plaintiffs believe the DCF has not discharged its statutory duty to provide an annual examination by a qualified professional, "such a claim is properly addressed by motion filed with the committing court, which is in a superior position to determine whether the requirement for an annual examination and report has been discharged, and if not, to order compliance." *Id.*

The plaintiffs fail to state a federal substantive due process claim because the right they allege was violated is not a federal right. *Grady v. Baker*, 404 F. App'x 450, 454 (11th Cir. 2010). The plaintiffs challenge their right to examination by a *qualified* professional under a Florida statute, and Florida law provides them with a remedy to enforce that right. *Id.* In addition to filing a motion with the commitment court to enforce the right, the plaintiffs can challenge the credibility of the expert report and offer competing evidence.

What is more, the plaintiffs' second count is barred by the *Heck* doctrine, which prohibits plaintiffs from using § 1983 to challenge "the unlawfulness of his conviction or confinement". *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994); *see also Fetzer v. Sec'y, Fla. Dep't of Children and Families*, No. 20-

4

11139-E, 2020 WL 5625172, at *1 (11th Cir. Aug. 13, 2020) (applying the *Heck* doctrine to civilly committed sexually violent predators). That is true whether the claim is construed as a challenge to the *results* of the plaintiffs' state commitment proceedings or the *procedure* of the proceedings because either way, a judgment in the plaintiffs' favor would imply the illegality of their confinement. See *Price v. McNeil*, 340 F. App'x 581, 584 (11th Cir. 2009).

### B. Count 3

The plaintiff's third count accuses Harris and Reid of violating the Equal Protection Clause by discriminating against Black men—including the plaintiffs—when deciding whether to pursue civil commitment proceedings. As a factual basis for their claim, the plaintiffs allege the FCCC population is 60% black, 38% white, and 2% other races.

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne, Tex. v. Cleburne Living Center*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). While prosecutorial discretion is broad, it is not subject to constitutional constraints. "In particular, the decision to prosecute may not be 'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification[.]'" *Wayte v. United States,* 470 U.S. 598, 608

5

(1985) (quoting *Bordenkircher v. Hayes*, 434 U.S. 357, 364 (1978)). Courts "judge selective prosecution claims according to ordinary equal protection standards." *Id.*

To plead a selective enforcement claim, a plaintiff must allege facts suggesting the enforcement policy at issue was motivated by a discriminatory purpose and had a discriminatory effect. *See United States v. Armstrong*, 517 U.S. 456, 465 (1996). "To establish discriminatory effect in a race case, the claimant must show that similarly situated individuals of a different race were not prosecuted." *Id.* A "similarly situated" individual is a person who engaged in the same type of conduct as the claimant and against whom the evidence was as strong or stronger than the evidence against the claimant. *United States v. Cannon*, 987 F. 3d 924, 937 (11th Cir. 2021). Here, the complaint does not identify a comparator who is similarly situated to any of the three plaintiffs. Thus, they fail to state an equal protection claim.

Accordingly, it is now

**ORDERED:**

Counts 2 and 3 of the Complaint are **DISMISSED without prejudice** for failure to state a claim. This action will proceed on Count 1 only. Because the plaintiffs do not assert Count 1 against Melanie Mercado, the Clerk is **DIRECTED** to terminate her as a party to this case.

**DONE** and **ORDERED** in Fort Myers, Florida on January 22, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record