UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL, TONNIE NEALY and CURTIS DALE, JR ,

    Plaintiffs,

v.                                                                                  Case No.:  2:24-cv-1069-SPC-KCD

SHEVAUN HARRIS and RAVEN REID,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiffs Wendall Hall and Tonnie Nealy's Emergency Motion for Order and Sworn Oath Affidavits and (or) Motion for Order or Temporary Restraining Order (Doc. 43).

Plaintiffs Hall, Nealy, and Curtis Dale are involuntarily committed residents of the Florida Civil Commitment Center (FCCC) because a Florida court deemed each of them a sexually violent predator. They filed this action against officials of the Florida Department of Children and Families (DCF), the agency that oversees the FCCC. Their complaint asserted three grounds, but the Court dismissed two of them. (Doc. 34). The surviving claim accuses Shevaun Harris and Raven Reid—respectively the DCF secretary and the director of the sexually violent predator program—of unlawfully allowing

FCCC staff to use excessively long periods of seclusion and confinement as punishment. The defendants have not yet been served with process.

In their motion, Hall and Nealy seek injunctive relief relating to multiple issues. Specifically, Hall wants an order requiring FCCC staff to house him in a private room apart from an FCCC resident he recently got into a fight with. And Nealy complains about disciplinary reports made against him for FCCC rule violations. "A district court should not issue an injunction when the injunction in question is not of the same character, and deals with a matter lying wholly outside the issues in the suit." *Kaimowitz v. Orlando, Fla.*, 122 F.3d 41, 43 (11th Cir. 1997). Because Hall's room assignment and the disciplinary reports against Nealy are outside the scope of the claim asserted in their complaint, the Court will not enter an injunction that covers those issues.

Hall and Nealy also claim they have been in confinement or seclusion for an excessive period of time. That claim is within the scope of this action. But the plaintiffs have not established entitlement to preliminary injunctive relief. To receive a preliminary injunction or temporary restraining order, a plaintiff must clearly establish four requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the

defendant; and (4) that the injunction will not disserve the public interest." *Keister v. Bell*, 879 F.3d 1282, 1287 (11th Cir. 2018).

The plaintiffs have not satisfied any of the four requirements. They do not address their ultimate chances of success on the merits, they identify no possibility of irreparable injury, and they fail to consider potential harms to the defendants and the public interest. Accordingly, the plaintiffs' motion (Doc. 43) is **denied**.

**DONE** and **ORDERED** in Fort Myers, Florida on March 14, 2025.



SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record