UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL, TONNIE NEALY and CURTIS DALE, JR ,

      Plaintiffs,

v.                         Case No.:  2:24-cv-1069-SPC-KCD

SHEVAUN HARRIS and RAVEN REID,

      Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Tonnie Nealy's Urgent or Expeditious Motion for Order (Doc. 45).

Nealy is an involuntarily committed resident of the Florida Civil Commitment Center (FCCC) because a Florida court deemed him a sexually violent predator.  He and two fellow FCCC residents filed this action against officials of the Florida Department of Children and Families (DCF), the agency that oversees the FCCC.  Their complaint asserted three grounds, but the Court dismissed two of them. (Doc. 34).  The surviving claim accuses Shevaun Harris and Raven Reid—respectively the DCF secretary and the director of the sexually violent predator program—of unlawfully allowing FCCC staff to use

excessively long periods of seclusion and confinement as punishment. The defendants have not yet been served with process.

In his motion, Nealy claims FCCC officials placed him on wing restriction for 30 days after determining he broke several facility rules. He asks the Court to order FCCC officials to release him back into general population. But Nealy has not established entitlement to preliminary injunctive relief. To receive a preliminary injunction or temporary restraining order, a plaintiff must clearly establish four requirements: "(1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that the threatened injury to the plaintiff outweighs the potential harm to the defendant; and (4) that the injunction will not disserve the public interest." *Keister v. Bell*, 879 F.3d 1282, 1287 (11th Cir. 2018).

Nealy has not satisfied any of the four requirements. He has not shown a likelihood of ultimately succeeding on the merits of his claim. It is clear from the exhibits attached to Nealy's motion that the appropriate FCCC officials made the decision to place Nealy on wing restriction. When considering liberty restrictions imposed on the civilly committed, the Supreme Court has held that "decisions made by the appropriate professional are entitled to a presumption of correctness." *Youngberg v. Romeo*, 457 U.S. 307, 324 (1982). Nealy has not shown he can overcome that presumption. Nor does Nealy identify a possibility

of irreparable injury. And he fails to consider potential harms to the defendants and the public interest.

Accordingly, Nealy's motion (Doc. 45) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on April 16, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record