UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL, TONNIE NEALY and CURTIS DALE, JR,

    Plaintiffs,

v.                                      Case No.:  2:24-cv-1069-SPC-KCD

SHEVAUN HARRIS and RAVEN REID,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court is Plaintiffs Wendall Hall, Tonnie Nealy, and Curtis Dale, Jr.'s Amended Motion for Default Judgment and or Sanctions or Contempt Sanctions Against Defendants [sic] Shevaun Harris (Doc. 58). The plaintiffs are involuntarily committed residents of the Florida Civil Commitment Center (FCCC), and they are litigating this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis*. Harris was the secretary of Florida's Department of Children and Families (DCF) when the plaintiffs filed this case, but she has since been succeeded by Taylor Hatch. The clerk entered a default against Harris on July 7, 2025, and the plaintiffs move for default judgment.

"While a defaulted defendant is deemed to admit the plaintiff's well-pleaded allegations of fact, [s]he is not held to admit facts that are not well-

pleaded or to admit conclusions of law. Entry of default judgment is only warranted when there is a sufficient basis in the pleadings for the judgment entered." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1245 (11th Cir. 2015) (cleaned up). A "sufficient basis" for default judgment is "akin to that necessary to survive a motion to dismiss for failure to state a claim." *Id.* Thus, Federal Rule of Civil Procedure 12(b)(6) provides the standard.

A district court may only enter default judgment if the complaint pleads facts that make a claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007).

2

The Court already dismissed two of the three claims asserted in the plaintiffs' complaint, so only Count 1 is eligible for default judgment. In it, the plaintiffs claim Harris and Reid violated their due process rights by allowing the FCCC to punish them with excessive periods of seclusion and confinement. The claim has a couple of problems.

First, the factual allegations are imprecise. The plaintiffs allege FCCC staff have placed them "in confinement, seclusion and wing restriction for over 24 hours or for 20 or more consecutive days[.]" (Doc. 1 at 8). The complaint consistently conflates these three concepts and fails to explain what each entail. These missing details are important. The Seventh Circuit case the plaintiffs cite as the legal basis for their claim illustrates why. Hall relied on the same case in an action against FCCC officials for excessive seclusion, and this Court summarized it:

> In *West v. Schwebke*, 333 F.3d 745 (7th Cir. 2003), civilly committed sexually violent predators sued state officials over their use of "therapeutic seclusion"—which involved confinement in a cell containing only a concrete platform, a toilet, and a sink and sometimes deprivation of clothing and other amenities—for periods ranging from 20 to 82 consecutive days. *West*, 333 F.3d at 747. The plaintiffs submitted affidavits from two psychiatrists who concluded that the duration of seclusion "was medically inappropriate and universally condemned by the psychiatric profession as a therapeutic tool." *Id.* The expert opinions created a genuine issue as to whether the "defendants kept plaintiffs in seclusion for periods far exceeding what could be justified by considerations of either security or treatment." *Id.* at 749. So the plaintiffs would be entitled to damages if they could prove the defendants' "use of seclusion was designed to inflict extra

3

> punishment for the plaintiffs' sex crimes, rather than to treat their condition or protect others from new violence." *Id.* at 749.

*Hall v. Masters*, No. 2:23-cv-105-SPC-KCD, 2025 WL 1018401, at *3 (M.D. Fla. Apr. 4, 2025).

The conditions of therapeutic seclusion in *West*, and the expert opinions regarding those conditions, allowed for an inference that seclusion was being used as a punishment for the plaintiffs' sex crimes. The plaintiffs here do not allege any conditions that could lead to such an inference. As the 7th Circuit noted in *West*, the Constitution permits civil-commitment institutions to restrain the freedoms of detainees "if professional judgment leads to the conclusion that restraints are necessary for the well-being of the detainee (or others)[.]" *West*, 333 F.3d at 748 (citing *Bell v. Wolfish,* 441 U.S. 520, 539-40 (1979)). The plaintiffs allege no facts from which the Court can infer that any periods of seclusion, confinement, or wing restriction imposed were illegal punishments rather than legitimate and lawful restraints.[1]

That brings us to the second problem with the plaintiffs' claim. They seek to hold Harris and Reid liable based on their positions as officials with

---

[1] The undisputed evidence in *Hall v. Masters* included some details on the conditions of secure management and wing restriction in the FCCC. Residents in secure management are confined in a room for 23 hours a day for up to three days, and they are provided hygiene items and their medications. Residents on wing restriction must stay in a special management unit, where they can associate with other residents, attend treatment and religious services, use a legal computer and telephone, and participate in daily recreation time. *Hall,* 2025 WL 1018401, at *1.

4

supervisory authority over the FCCC.  But it is well-established in the 11th Circuit that "supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Myrick v. Fulton Cnty., Ga.*, 69 F.4th 1277, 1297 (11th Cir. 2023).

To state a claim against Harris and Reid, the plaintiffs must plead (1) they personally participated in the alleged constitutional conduct or (2) a causal connection exists between their actions and the alleged constitutional deprivation.  *Id.*  The complaint does neither.  The plaintiffs plead no direct or indirect causal connection between Harris's or Reid's conduct and the FCCC staff's use of confinement, seclusion, or wing restriction.  The defendants' general supervisory authority is not enough.

In sum, the plaintiffs do not plausibly allege that FCCC staff unconstitutionally punished them for their sex crimes, or that the defendants' conduct caused any restriction of the plaintiffs' freedom.  So even accepting the complaint's well-pleaded facts as admitted, the plaintiffs are not entitled to judgment against Harris or Reid.  The Court will dismiss the complaint and give the plaintiffs leave to amend.  *See Surtain*, 789 F.3d at 1248-49.

Accordingly, it is now

**ORDERED:**

Plaintiffs Wendall Hall, Tonnie Nealy, and Curtis Dale, Jr.'s Amended Motion for Default Judgment and or Sanctions or Contempt Sanctions Against Defendants [sic] Shevaun Harris (Doc. 58) is **DENIED**.  The Complaint (Doc. 1) is **DISMISSED without prejudice**.  The plaintiffs may file an amended complaint by September 5, 2025.  **Otherwise, the Court will close this case without further notice.**

**DONE** and **ORDERED** in Fort Myers, Florida on August 22, 2025.

*[Signature]*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies:  All Parties of Record