UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

WENDALL HALL, TONNIE NEALY and CURTIS DALE, JR,

    Plaintiffs,

v.                                        Case No.:   2:24-cv-1069-SPC-DNF

SHEVAUN HARRIS, TAYLOR HATCH and RAVEN REID,

    Defendants.
_____/

## OPINION AND ORDER

Before the Court are Plaintiffs Wendall Hall, Tonnie Nealy, and Curtis Dale, Jr.'s Amended Complaint (Doc. 64)[1] and Supplemental Motion for Sanctions or Default Judgment and or Motion for Sanctions or Civil Contempt Sanctions Against Defendants (Doc. 65). The plaintiffs are involuntarily committed residents of the Florida Civil Commitment Center (FCCC), and they are litigating this 42 U.S.C. § 1983 action *pro se* and *in forma pauperis*. Harris was the secretary of Florida's Department of Children and Families (DCF) when the plaintiffs filed this case, but she has since been succeeded by Taylor Hatch. Raven Reid was the DCF official in charge of the sexually violent predator program.

---

[1] The plaintiffs incorrectly titled the pleading "Second Amended Complaint." This is their first amendment.

The clerk entered a default against Harris on July 7, 2025, and the plaintiffs moved for default judgment. The Court reviewed the plaintiffs' complaint, determined there was no sufficient basis for default judgment, and gave the plaintiffs leave to amend. The plaintiffs filed an amended complaint and renewed their request for default judgment.

The plaintiffs are not entitled to default judgment. A clerk's default pertains to the operative pleading when entered, so an amended complaint moots a clerk's default. *RKR Motors, Inc. v. Perez*, No. 23-60819-CIV-SINGHAL, 2024 WL 5681606, at *3 (S.D. Fla. Oct. 30, 2024). The plaintiffs would need to obtain a clerk's default on the amended complaint before moving for default judgment. *Id.*

The amended complaint also fails to state a claim. Because the parties are proceeding *in forma pauperis*, the Court reviews the amended complaint to determine if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

Federal Rule of Civil Procedure 12(b)(6) provides the standard for screening complaints under § 1915. *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). A district court should dismiss a claim when a party does not plead facts that make the claim facially plausible. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a court

2

can draw a reasonable inference, based on facts pled, that the opposing party is liable for the alleged misconduct. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 557 (internal quotation marks omitted)). And a plaintiff must allege more than labels and conclusions amounting to a formulaic recitation of the elements of a cause of action. *Twombly*, 550 U.S. at 555.

Courts hold the pleadings of *pro se* litigants to a less stringent standard than pleadings drafted by attorneys. *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). But courts do not have a duty to "re-write" a *pro se* litigant's complaint to find a claim. *See Washington v. Dep't of Children & Families*, 256 F. App'x 326, 327 (11th Cir. 2007). And when plaintiffs litigate *in forma pauperis*, courts have "the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989) (explaining that § 1915(e)(2) requires preliminary review "largely to discourage the filing or, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because the costs of bringing suit and because the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11").

3

What is more, courts need not ignore a plaintiff's litigation history when screening complaints. *See Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001). Plaintiff Hall has an extensive history of abusive litigation and fraudulent legal filings. *See Hall v. Carner*, No. 2:24-cv-338-SPC-NPM, 2024 WL 4373632, at *2 (M.D. Fla. Oct. 2, 2024) (briefly describing Hall's history of frivolous, malicious, and meritless litigation). Hall appears to be the driving force behind this action. This Court recognizes Hall's distinct writing style in the papers plaintiffs have filed in this case, including the amended complaint.

Here, the Court dismissed the original complaint because it lacked a sufficient basis for default judgment:

> First, the factual allegations are imprecise. The plaintiffs allege FCCC staff have placed them "in confinement, seclusion and wing restriction for over 24 hours or for 20 or more consecutive days[.]" (Doc. 1 at 8). The complaint consistently conflates these three concepts and fails to explain what each entails. These missing details are important. The Seventh Circuit case the plaintiffs cite as the legal basis for their claim illustrates why. Hall relied on the same case in an action against FCCC officials for excessive seclusion, and this Court summarized it:
>
>> In *West v. Schwebke*, 333 F.3d 745 (7th Cir. 2003), civilly committed sexually violent predators sued state officials over their use of "therapeutic seclusion"— which involved confinement in a cell containing only a concrete platform, a toilet, and a sink and sometimes deprivation of clothing and other amenities—for periods ranging from 20 to 82 consecutive days. *West*, 333 F.3d at 747. The plaintiffs submitted affidavits from two psychiatrists who concluded that the duration of seclusion "was medically inappropriate and universally condemned by the psychiatric

> profession as a therapeutic tool." *Id.* The expert opinions created a genuine issue as to whether the "defendants kept plaintiffs in seclusion for periods far exceeding what could be justified by considerations of either security or treatment." *Id.* at 749. So the plaintiffs would be entitled to damages if they could prove the defendants' "use of seclusion was designed to inflict extra punishment for the plaintiffs' sex crimes, rather than to treat their condition or protect others from new violence." *Id.* at 749.

*Hall v. Masters*, No. 2:23-cv-105-SPC-KCD, 2025 WL 1018401, at *3 (M.D. Fla. Apr. 4, 2025).

The conditions of therapeutic seclusion in *West*, and the expert opinions regarding those conditions, allowed for an inference that seclusion was being used as a punishment for the plaintiffs' sex crimes. The plaintiffs here do not allege any conditions that could lead to such an inference. As the 7th Circuit noted in *West*, the Constitution permits civil-commitment institutions to restrain the freedoms of detainees "if professional judgment leads to the conclusion that restraints are necessary for the well-being of the detainee (or others)[.]" *West*, 333 F.3d at 748 (citing *Bell v. Wolfish*, 441 U.S. 520, 539-40 (1979)). The plaintiffs allege no facts from which the Court can infer that any periods of seclusion, confinement, or wing restriction imposed were illegal punishments rather than a legitimate and lawful restraints.[1]

> FN1. The undisputed evidence in *Hall v. Masters* included some details on the conditions of secure management and wing restriction in the FCCC. Residents in secure management are confined in a room for 23 hours a day for up to three days, and they are provided hygiene items and their medications. Residents on wing restriction must stay in a special management unit, where they can associate with other residents, attend treatment and religious services, use a legal computer and telephone, and participate in daily recreation time. *Hall*, 2025 WL 1018401, at *1.

(Doc. 62 at 3-5).

5

The plaintiffs' amendment does not solve the problems the Court identified in the original complaint. Their claims are still based on the vague, imprecise, and confusing allegation that the defendants "have adopted or promulgated a policy practice or procedure or custom to place (confine) plaintiff's hall, dale and Nealy in seclusion [confinement] at FCCC, for over 24 hours or for over 20 or more consecutive days[.]" (Doc. 64 at 5) (errors in original). And perhaps as a nod to *West*, the amended complaint sometimes peppers in "or 80 consecutive days" to the nebulous claims about periods of confinement. The plaintiffs further confuse things by repeatedly alleging—without explanation—that FCCC officials use confinement or seclusion as both "extra punishment" for the plaintiffs' sex crimes and as a "therapeutic tool[.]" (*Id.*).

What the plaintiffs fail to do in their amended complaint is allege a single specific incident of potentially unlawful seclusion or confinement. That is fatal to the plaintiffs' individual and official capacity claims. It is well established in the Eleventh Circuit "that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Keith v. DeKalb Cnty, Ga.*, 749 F.3d 1034, 1047 (11th Cir. 2014). To hold a supervisor liable, "a plaintiff must show that the supervisor either directly participated in the unconstitutional conduct or that

6

a causal connection exists between the supervisor's actions and the alleged constitutional violation." *Id.* at 1047-48. The plaintiffs do not allege that any defendant personally participated in or caused a decision to impose an unconstitutional period of seclusion or confinement.

A suit against a government officer in his or her official capacity "generally represent only another way of pleading an action against an entity of which an officer is an agent." *Monell v. New York Cty. Dep't of Soc. Servs.*, 436 U.S. 658, 690 n.55 (1978). "It is *not* a suit against the official personally, for the real party in interest is the entity." *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Municipalities can be liable under 42 U.S.C. § 1983 if "the alleged constitutional harm is the result of a custom or policy." *Brennan v. Headley*, 807 F. App'x 927, 937 (11th Cir. 2020); s*ee also Monell v. Dep't of Soc. Sec. Servs. of City of New York*, 436 U.S. 658 (1978). But there can be no *Monell* liability without an underlying constitutional violation. *Pipkins v. Cty. of Hoover, Ala.*, 134 F.4th 1163, 1173 (11th Cir. 2025). Because the defendants do not allege any specific incident in which their constitutional rights were violated, their *Monell* claims fail.

Because the Court has given the plaintiffs an opportunity to amend their complaint and they still fail to state a claim, it will enter judgment and close this case. The dismissal is without prejudice, so if any plaintiff believes FCCC officials have unlawfully secluded or confined him, he may file a new

complaint. Any such complaint must include details about the particular term of confinement or seclusion underlying the claim. And because the plaintiffs are in custody, they must use the Court's standard complaint form. M.D. Fla. 6.04 ("A pro se person in custody must use the standard form – available without charge from the clerk and the court's website – to file…a complaint, such as a 42 U.S.C. § 1983 complaint, that alleges a violation of the United States Constitution or other federal law by a government official.").

Accordingly, it is now

**ORDERED:**

(1) Plaintiffs Wendall Hall, Tonnie Nealy, and Curtis Dale, Jr.'s Amended Complaint (Doc. 64) is **DISMISSED without prejudice.**

(2) Plaintiffs' Supplemental Motion for Sanctions or Default Judgment and or Motion for Sanctions or Civil Contempt Sanctions Against Defendants (Doc. 65) is **DENIED**.

(3) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close this case.

**DONE** and **ORDERED** in Fort Myers, Florida on September 19, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1
Copies: All Parties of Record

8